**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3888-22

KIMBERLY EYDELMAN,

    Plaintiff-Respondent,

v.

VLADIMIR EYDELMAN,

    Defendant-Appellant.

_____

Submitted December 4, 2024 – Decided February 18, 2025

Before Judges Currier and Marczyk.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0590-15.

Keith, Winters, Wenning & Harris, LLC, attorneys for appellant (Brian D. Winters, on the briefs).

Buchan Palo & Cardamone, LLC, attorneys for respondent (Stephanie Palo, of counsel and on the brief).

PER CURIAM

When the parties were divorced in 2017, the court held several issues in abeyance, including equitable distribution, because defendant was incarcerated after being convicted of charges for insider trading, and the majority of the parties' assets had been seized by the Federal Bureau of Investigation. Thereafter, plaintiff successfully sought the return of some of the seized marital assets from the federal government, specifically relevant here, a luxury men's watch collection valued at $200,000 (the watch collection).

After defendant was released from prison, he moved for equitable distribution of the marital property. The court found because the watch collection was returned to plaintiff as part of a settlement negotiation with the federal government, it was no longer a marital asset, and, therefore excluded from equitable distribution. Defendant appeals from the memorializing May 10, 2023 order and subsequent order denying reconsideration.

Because we conclude the watch collection was a marital asset at the time of its seizure, that status cannot be altered or diminished by the federal government's release of the watch collection to plaintiff. The acts of the federal government were not equitable distribution findings nor a consideration of the required statutory factors under N.J.S.A. 2A:34-23.1 and governing New Jersey

case law. Therefore, we reverse and remand for the trial court to make factual findings supporting an equitable distribution of the watch collection.

The parties were married in 1998 and had three children. Defendant was employed as an Executive Director of Investments/Stockbroker. In 2014, the FBI raided the parties' home, and a criminal investigation was initiated against defendant for securities fraud, including insider trading and conspiracy. The raid yielded seizure of numerous personal assets, including over forty pieces of jewelry and the watch collection, which contained eight luxury watches, ranging in estimated values from $2,190 to $59,999 from makers such as Rolex, Breguet, and Patek Philippe.

In 2015, plaintiff submitted several declarations to the FBI claiming her right to possess certain seized assets, including the watch collection. Thereafter, the FBI released the watch collection to plaintiff.

Email exchanges between the parties' counsel following the release of the watch collection to plaintiff reflect it was a hotly contested asset between the parties, as defendant argued the watches were "his" and demanded their return. Although the FBI had already released the watch collection to plaintiff, defendant sought the return of selective seized assets, including the watch collection, from the United States Attorney's Office.

3

In 2016, defendant pleaded guilty to conspiracy to commit securities fraud and tender offer fraud and was sentenced to three years in prison. The United States District Court for the District of New Jersey entered a Consent Judgment of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture as to Specific Property (final as to the defendant) in restitution for defendant's crimes.

Defendant was released from prison in March 2018. In April, he filed for Chapter 7 bankruptcy. Defendant did not include the seized watch collection as one of his assets. During this litigation, defendant explained he did not list the collection because it was not in his possession and available to satisfy the debts. Defendant certified that the bankruptcy trustee was aware of the watch collection.

After the bankruptcy court entered a final decree in August 2019 and lifted the stay, defendant renewed his motion for equitable distribution of the watch collection. Plaintiff contended the collection was not a marital asset because it was returned to her in exchange for a release of her claims against the government, which made it at that point a "separate" asset.

After initial oral arguments, the court adjourned the case, allowing plaintiff an opportunity to submit proof "from the government that the[] watches

were provided to [her] . . . as a settlement of her claim against the government."[1] During the second round of oral arguments, plaintiff produced three emails. Two of them refer to the release of a bank account to plaintiff. The third, sent in June 2015, advised plaintiff she may retrieve the "jewelry" that was in the FBI's possession.

On April 14, 2023, the court issued an oral decision finding (1) the parties were represented by counsel at the time the watch collection was returned to plaintiff; (2) there was no mention of the watch collection in the final release[2] because plaintiff already had the watches in her possession; and (3) defendant failed to include the watches in his accounting of his assets before the bankruptcy court. Therefore, the court determined the watch collection was returned to plaintiff as part of a settlement negotiation, and it was no longer a marital asset subject to equitable distribution.

---

[1] Although this phrase "settlement of claims against the government" is used multiple times by plaintiff and the court, there is no explanation in this litigation what those claims were.

[2] Reference to the "final release" here refers to the Money Judgment and Preliminary Order of Forfeiture.

A-3888-22

However, the court also ordered plaintiff to return defendant's Rolex SkyDweller watch[3] to him once he paid his 50% share of the children's outstanding medical expenses. The court issued a written opinion and memorializing order on May 10, 2023. Defendant's subsequent motion for reconsideration was denied.

On appeal, defendant contends the court erred in finding the watch collection was not subject to equitable distribution. We review a trial judge's determination of what assets are available for distribution for an abuse of discretion. Slutsky v. Slutsky, 451 N.J. Super. 332, 355-56 (App. Div. 2017).

In a divorce proceeding, a judge is authorized to "make such award or awards to the parties, . . . to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage or civil union." N.J.S.A. 2A:34-23(h)(1).

However, before considering distribution of marital property, the trial court must first decide which property qualifies as marital property and which property, if any, belongs to either spouse separately. N.J.S.A. 2A:34-23.1 ("[T]he court shall make specific findings of fact on the evidence relevant to all

---

[3] This watch had not been seized by law enforcement and so was not part of the returned items.

issues pertaining to asset eligibility or ineligibility, asset valuation, and equitable distribution, including specifically, but not limited to, the factors set forth in this section."). See Rothman v. Rothman, 65 N.J. 219, 232 (1974) (finding a trial judge "must first decide what specific property of each spouse is eligible for distribution.").

This equitable distribution reflects the "acknowledgement 'that marriage is a shared enterprise, a joint undertaking, that in many ways it is akin to a partnership.'" Smith v. Smith, 72 N.J. 350, 361 (1977) (quoting Rothman, 65 N.J. at 229). Therefore, "[a]ssets acquired by the joint efforts of the parties while the shared enterprise continues, should be, on its termination, eligible for equitable distribution." Ibid. "The goal of equitable distribution . . . is to effect a fair and just division of marital assets." Steneken v. Steneken, 367 N.J. Super. 427, 434 (App. Div. 2004) aff'd in part, modified in part on other grounds, 183 N.J. 290 (2005).

"Generally, property qualifies for equitable distribution 'when it is attributable to the expenditure of effort by either spouse during marriage . . . .'" Genovese v. Genovese, 392 N.J. Super. 215, 225 (App. Div. 2007) (quoting Pascale v. Pascale, 140 N.J. 583, 609 (1995)). Accordingly, a marital asset is that "which was legally and beneficially acquired by them or either of them

7

during the marriage or civil union." Thieme v. Aucoin-Thieme, 227 N.J. 269, 284 (2016) (quoting N.J.S.A. 2A:34-23(h)). "To refute such a presumption, the party seeking exclusion of the asset must bear 'the burden of establishing such immunity [from equitable distribution] as to any particular asset.'" Pascale, 140 N.J. at 609 (quoting Landwehr v. Landwehr, 111 N.J. 491, 504 (1988)).

Here, the parties agreed that the watch collection was a marital asset when law enforcement seized it. In fact, in a 2018 order addressing post-judgment applications, the court stated: "[T]he federal government did release approximately $800,000 in funds and a number of [personal] items . . . including luxury watches still retained by the plaintiff. These items are part of the assets to be considered in equitable distribution."

Nevertheless, plaintiff now contends the status of the marital asset changed when the watch collection was returned to her following negotiations with the government entities. After reviewing the noted emails, the court agreed and found the watch collection was no longer a marital asset subject to equitable distribution.

However, the submitted documents do not support that finding. There is no evidence in the record that the watches were a bargained for settlement. And any negotiations plaintiff may have had with the government did not vitiate

defendant's rights under New Jersey's equitable distribution law. Neither plaintiff nor the court cited to any case law supporting how plaintiff or the federal government were authorized to unilaterally void defendant's rights to the marital asset.

In addition, defendant did not divest his interest in the watch collection when he failed to list it as an asset on his bankruptcy petition. The fact may be included in the equitable distribution analysis, but it is not grounds to support the change of the status of a marital asset. Plaintiff has not met her burden of demonstrating the watch collection should be excluded from equitable distribution.

Therefore, we reverse the orders under appeal and remand for the court to make findings of fact, applying the statutory factors under N.J.S.A. 2A:34-23.1, to set an equitable distribution award regarding the watch collection.

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3888-22